UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MAURICE HOPKINS-BEY, )
   Plaintiff, )
    )
vs. ) No. 17-3167
    )
RYAN E. EADS, et. al., )
   Defendants )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Correctional Officer Ryan Eads, Officer Gresham, and Adjustment Committee Members Stephany Anguiano and Shannon Richno violated his constitutional rights at Lincoln Correctional Center. Plaintiff says on December 20, 2016, Defendant Eads shook down his cell. Initially, the resulting shakedown slip did not list any contraband. However, Defendant Gresham called Plaintiff to the Internal Affairs Office later in the day.

Defendant Gresham questioned Plaintiff about personal information the Plaintiff had in his cell concerning a female chaplain including her home address. Plaintiff claimed it was the address for her church and he was given the information as part of a

1

prison outreach program to help inmates after their release.  Nonetheless, Plaintiff received a disciplinary report based on his possession of the information.

An attached Adjustment Committee report indicates Plaintiff was found guilty of the offense.  The report notes the basis for the finding was conflicting statements from Plaintiff and the address did not match the location Plaintiff gave to the officer.  Consequently, Plaintiff lost six months of good time credits and was transferred to another facility. (Comp., 12/20/16 Report).  Plaintiff says the hearing and discipline rendered violated his due process rights.

Prison disciplinary hearings satisfy procedural due process requirements when an inmate is provided: (1) advanced written notice of the charge; (2) the right to appear in person before an impartial body; (3) a qualified right to call witnesses and to present evidence; and (4) a written statement of the reasons for the action taken. *See Wolff v. McDonnell,* 418 U.S. 539, 563–69 (1974)(hearing must meet four requirements, but no "investigation" requirement).  Plaintiff has not articulated a due process violation.

In addition, Plaintiff lost good time credits as a result of the hearing.  In order to bring a civil rights lawsuit for damages based on a false disciplinary ticket, Plaintiff was first demonstrate the discipline was expunged. *See Heck v. Humphrey,* 512 U.S. (1994); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *see also Clayton-El v Fisher*, 96 F.3d 236, 242-45 (7th 1996)(a prisoners claim that he was denied procedural due process rights in disciplinary proceeding was *Heck*-barred); *Collins v Franks*, 2004 WL 882155 at 6 (W.D.Wis. April 22, 2004)(plaintiff's claim that he was denied due process before his good time credits were taken may be pursued only in a

2

*habeas* action); *Miller v Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (holding that a state prisoners federal civil rights suit seeking damages for a denial of due process when the prisoner claimed he was not given a fair hearing is barred by *Heck*.)

Plaintiff next alleges when he returned to his housing unit from the Internal Affairs Office, he asked Defendant Eads for a grievance form. Defendant Eads then told Plaintiff he was moving to the top bunk. Plaintiff protested noting Eads knew Plaintiff had knee and back problems and Plaintiff had a bottom bunk permit. Eads claimed he spoke with the Health Care Unit and they were unable to confirm Plaintiff had a bottom bunk permit.

Plaintiff says when he tried to climb into the bunk later in the day, he fell aggravating his knee and back problems. Plaintiff was then examined by medical staff and "was immediately issued a bottom bunk permit, and medicated with strong pain medication to assist with the pain and complications." (Comp., p. 4). In addition, the nurse confirmed Plaintiff's records clearly indicated he had ongoing back problems and "he was suppose to remain with a bottom bunk permit."(Comp., p. 4).

Plaintiff claims Eads was well aware of his disability, but forced him to the top bunk in retaliation for Plaintiff telling him he was going to write a grievance. In addition, Eads ignored a substantial risk of injury when he moved Plaintiff to a top bunk. Finally, Plaintiff says he reported Defendant Eads' retaliatory conduct to Defendants Gresham, Anguaino and Richno, but no action was taken.

To establish a First Amendment claim, Plaintiff must be able to demonstrate:: (1) he engaged in a protected activity, (2) he suffered a deprivation likely to prevent future protected activities, and (3) there was a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) *citing Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). For the purposes of notice pleading, Plaintiff has alleged Defendant Eads violated his First Amendment rights when he retaliated against him by forcing him to the top bunk. Plaintiff has also sufficiently alleged Defendant Eads violated his Eighth Amendment rights when he was deliberately indifferent to a substantial risk of harm.

However, Plaintiff has not articulated a claim against any other Defendant based on reporting Defendant Ead's conduct after the incident occurred. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A Defendant can not cause or participate in the violation if the alleged retaliation is reported after the incident had occurred and was corrected.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Correctional Officer Eads retaliated against him in violation of his First Amendment rights and was deliberately

4

indifferent to a substantial risk of harm on December 20, 2016. The claim is stated the Defendant in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Gresham, Anguiano and Richno for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 17th day of November, 2017.

                              s/ James E. Shadid
                          _____
                               JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE